UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEANINE PRESCOTT, *et al.*,

    Plaintiffs,

    v.

CVS HEALTH CORPORATION, *et al.*,

    Defendants.

Case No. C17-803RSL

ORDER GRANTING
PBM DEFENDANTS'
MOTION TO TRANSFER

This matter comes before the Court on "Defendants' Motion to Transfer This Action to the District of New Jersey." Dkt. # 86. The PBM defendants assert that this case should be transferred pursuant to the first-to-file rule or 28 U.S.C. § 1404(a) because multiple similar actions have already been filed in that district.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] This matter can be decided on the papers submitted. The request for oral argument is DENIED.

ORDER GRANTING
PBM DEFENDANTS'
MOTION TO TRANSFER - 1

## BACKGROUND

On March 17, 2017, a class action lawsuit was filed in the District of New Jersey alleging collusion between pharmacy benefit managers ("PBMs") and drug manufacturers to unlawfully inflate the price of insulin, a life-saving drug used to treat diabetes. Boss, *et al.* v. CVS Health Corp., *et al.*, No. C17-1823 (D.N.J.). Four other class action lawsuits related to the pricing of insulin were also filed in the District of New Jersey around this same time.[2] While waiting for the court in New Jersey to appoint interim lead counsel,[3] the Boss attorneys filed three separate lawsuits in other districts.

On May 23, 2017, Johnson v. OptumRx Inc., *et al.*, No. C17-900 was filed in the Central District of California. On May 24, 2017, this case and Bewley, *et al.* v. CVS Health Corp., *et al.*, No. C17-802, were filed here in the Western District of Washington. On September 18, 2017, the Honorable David O. Carter, District Judge, transferred Johnson to the District of New Jersey based on the first-to-file rule. Johnson v. OptumRx Inc., *et al.*, No. C17-900, Dkt. # 56 (C.D. Cal. filed May 23, 2017). On November 7, 2017, this Court similarly transferred Bewley. Bewley, *et al.* v. CVS Health Corp., *et al.*, No. C17-802, Dkt. # 62 (W.D. Wash. filed May 24, 2017). The Johnson, Bewley, and Boss

---

[2] See In re Insulin Pricing Litig., No. C17-699 (D.N.J. filed Feb. 2, 2017); Barnett, *et al.* v. Novo Nordisk Inc., *et al.*, No. C17-1580 (D.N.J. filed Mar. 8, 2017); Christensen, *et al.* v. Novo Nordisk Inc., *et al.*, No. C17-2678 (D.N.J. filed Apr. 20, 2017); and Carfagno v. Novo Nordisk Inc., No. C17-3407 (D.N.J. filed May 12, 2017).

[3] On September 18, 2017, Judge Martinotti appointed Steve W. Berman of Hagens Berman and James E. Cecchi of Carella Byrne as interim lead counsel. Boss, No. C17-1823, Dkt. # 36 (D.N.J. filed Mar. 17, 2017).

complaints assert the same types of claims by similar classes of plaintiffs alleging the same unlawful collusion between the PBM defendants and drug manufacturer defendants. These drug manufacturer defendants produce insulin (Boss), Victoza (Johnson), and glucagon (Bewley), medications for people with diabetes.

In the present case plaintiffs assert similar claims based on the same alleged pricing scheme with respect to glucose test strips, a medical product for people with diabetes to monitor their blood sugar. Here, the PBM defendants are the same, but the manufacturer defendants are different. The manufacturer defendants in this case make glucose test strips, but they do not manufacture the diabetes medications at issue in the other lawsuits. The PBM defendants ask this Court to transfer the case to the District of New Jersey. Plaintiffs and the manufacturer defendants oppose the motion to transfer.

**DISCUSSION**

The PBM defendants ask this Court to transfer the case under the first-to-file rule. Alternatively, the PBM defendants request a transfer under 28 U.S.C. § 1404(a). Courts "usually avoid duplicative litigation when similar cases are pending in two different federal courts." R.R. Street & Co. v. Transport Ins. Co., 656 F.3d 966, 974-75 (9th Cir. 2011).

**A. First-to-file**

"The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly. When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." Kohn Law Group, Inc. v. Auto

Parts Mfg. Miss., Inc., 787 F.3d 1237, 1239-40 (9th Cir. 2015) (internal citations, quotation marks, and alterations omitted). The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 844 (9th Cir. 1986). In deciding whether to transfer under the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn, 787 F.3d at 1240.

Based on the second factor, the Court finds that transfer is not appropriate pursuant to the first-to-file rule. Unlike in Bewley, where every defendant had also been named in the Boss action, the manufacturer defendants here are not substantially similar to defendants in the New Jersey cases. The defendant manufacturers in this case produce glucose test strips, but they do not also produce diabetes medications, like insulin, which are at issue in the other complaints. Because the parties are not substantially similar to warrant transfer under the first-to-file rule, this Court will instead consider transfer pursuant to 28 U.S.C. § 1404(a).

**B. 28 U.S.C. § 1404(a)**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Considering whether to transfer a case pursuant to § 1404(a) requires an "individualized, case-by-case consideration of convenience and

fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). Factors that may be considered include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). These factors are not exhaustive, however, and they "cannot be mechanically applied to all types of cases." Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). These factors, where relevant,[4] will be considered under the statutory requirements of the convenience of parties and witnesses and the interest of justice. Id.

**1. Convenience of parties and witnesses**

There are five named plaintiffs: Jeanine Prescott, Michael Bewley, Scott Strumello, Julia Boss, and Type 1 Diabetes Defense Foundation. Jeanine Prescott lives in Colorado, which is not particularly close to either the Western District of Washington or the District of New Jersey. Plaintiffs Michael Bewley and Scott Strumello live in New York, which is much closer to New Jersey than this district. Plaintiffs Julia Boss and Type 1 Diabetes Defense Foundation live and are organized in Oregon, which is undoubtedly closer to Washington. However, these two plaintiffs are also named in the Boss complaint that was

---

[4] In this case, for example, factor 1 is not relevant, factor 2 is uncertain, and factor 3 favors denial.

ORDER GRANTING
PBM DEFENDANTS'
MOTION TO TRANSFER - 5

filed in New Jersey – they have already evinced a willingness to litigate in that district. These plaintiffs propose to represent various classes of individuals from all over the country who purchased defendants' test strips. Under these circumstances, the plaintiffs' choice of forum is afforded less weight because multiple named plaintiffs and their attorneys have already shown a willingness to litigate in New Jersey and because the "action has little connection with the chosen forum." Amazon.com, 404 F. Supp. 2d at 1260. The plaintiffs would not be greatly inconvenienced by transfer.

The manufacturer defendants who oppose transfer are as follows: Abbott Laboratories, an Illinois corporation; Abbott Diabetes Care, Inc., a Delaware corporation; Abbott Diabetes Care Sales Corporation, a Delaware corporation; Bayer Healthcare LLC, a Delaware corporation whose principal place of business is in New Jersey; Ascensia Diabetes Care US Inc., a Delaware corporation with headquarters in New Jersey; LifeScan, Inc., a California corporation; Johnson & Johnson, a New Jersey corporation; and Roche Diagnostics Corporation, an Indiana company. Dkt. # 1 ¶¶ 52-62. For many of these defendants, the District of New Jersey would likely be more convenient. For some other defendants, all of whom are large companies, even if the Western District of Washington is closer than New Jersey, they would not be greatly inconvenienced by having to litigate in that district. The manufacturer defendants assert that plaintiffs' complaint is "facially deficient," and they plan to file a motion to dismiss. Dkt. # 90 at 11. If this is true, then the manufacturer defendants will not be greatly inconvenienced by filing that motion in the District of New Jersey.

The District of New Jersey is equally if not more convenient than the Western District of Washington.[5] The Court finds that this factor weighs slightly in favor of transfer.

### 2. Interest of justice

"The interest of justice factor is the most important of all. Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." Amazon.com, 404 F. Supp. 2d at 1261 (internal citations and quotations omitted). Pendency of related litigation is a significant factor in considering the interest of justice. Id. Here, the interest of justice supports transfer to New Jersey.

Multiple named plaintiffs, the plaintiffs' attorneys, and the PBM defendants are already involved in similar litigation in the District of New Jersey. The classes that these plaintiffs propose to represent are people throughout the United States who purchased the manufacturer defendants' glucose test strips. These classes will be substantially similar to other plaintiff classes in New Jersey consisting of people who purchased insulin and other medications to treat diabetes.

Because of the similar litigation already pending in New Jersey, transfer here is warranted to minimize duplicitous litigation and avoid inconsistent results. Additionally, the defendant manufacturers' opposition is in part based upon the fact that the New Jersey

---

[5] Because of the early stage of the litigation, the Court focuses on the parties rather than speculate about the location of potential witnesses. The Court does not consider the Jones factors 7 and 8.

ORDER GRANTING
PBM DEFENDANTS'
MOTION TO TRANSFER - 7

litigation was "mired for several months in a conflict over the appointment of lead class counsel, and [has] not progressed much during that time." Dkt. # 90 at 11. Now, however, interim lead counsel has been appointed, and the litigation may proceed. The Court, in the interest of justice, finds that transfer is warranted.

## CONCLUSION

For all of the foregoing reasons, the PBM defendants' motion to transfer (Dkt. # 86) is GRANTED. The Clerk of Court is directed to TRANSFER this matter to the United States District Court for the District of New Jersey as being related to <u>Boss, *et al.* v. CVS Health Corp., *et al.*</u>, No. C17-1823 (D.N.J. filed Mar. 17, 2017) and the other similar actions currently pending in that district.

Dated this 27th day of November, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge